**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES LLC,

        Plaintiff(s),

  vs.

MIKE VELASQUEZ,

        Defendant(s).

                             /

No.C-09-2315 MHP

**ORDER OF REMAND**

     This action was removed by defendant on the grounds of diversity jurisdiction. While defendant sets forth at length the proper citizenship of the respective parties, thus reflecting their diversity, there are two glaring deficiencies that are fatal to this removal.

     It is clear from the pleadings before the court that the matter in controversy does not exceed the sum or value of $75,000 as required by 28 U.S.C. section 1332(a). The complaint filed before the Superior Court specifically alleges it is under the court's "Limited Civil Jurisdiction - Demand Does Not Exceed $10,000".

     It is also clear from plaintiff's removal notice that he is a citizen of California. Congress and the Supreme Court have made clear that a defendant may not remove an action based on diversity jurisdiction if the defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)(emphasizing section 1441(b)'s bar to instate citizens removing an action from state to federal court based on diversity jurisdiction).[1]

     The following rules are fundamental to this court's jurisdiction. The removal statute is

strictly construed against removal jurisdiction and the removing defendant bears the burden of proving federal jurisdiction.  Doubts are resolved in favor of remand.  See Boggs v. Lewis, 863 F.2d 662 (9th Cir. 1988).  Where jurisdiction is lacking with respect to either diversity or removal jurisdiction the court must remand and may do so *sua sponte*.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)(citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).

For the foregoing reasons it is clear from the papers filed in this action that this court lacks diversity and removal jurisdiction and, therefore, this action is REMANDED to the Superior Court of Contra Costa County.  The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court of Contra Costa County.

Date: May 27, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**United States District Court**
For the Northern District of California

2

**ENDNOTES**

1.  28 U.S.C. section 1441(b) provides in its "any other" action language, which specifically pertains to diversity jurisdiction, that such an action [brought pursuant to diversity jurisdiction] "shall be removable **only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."**